# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GLADYS MARIE HENDERSON,    )
    )
    Plaintiff,    )
    )
v.    )
    )    CV417-225
NANCY A. BERRYHILL,    )
Acting Commissioner of    )
Social Security,    )
    )
    Defendant.    )

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 11:25 am, Jan 22, 2019

## REPORT AND RECOMMENDATION

Plaintiff Gladys Marie Henderson seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance (DIB) benefits.

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant.   *Moore v.*

*Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id*. § 404.1520(a)(4).   At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.   *Id*. § 404.1520(a)(4)(i).   At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id*. § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work.   *Id*. § 404.1520(a)(4)(iv).   If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.   An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1]   At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."   *Id*. (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).   "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."   *Jones v. Comm'r of Soc. Sec*., 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2015) (footnote added).

## II.   ANALYSIS

Henderson, who was 47 years old on her date last insured, alleges disability beginning February 1, 2006.   Tr. 16, 33, 126.   She completed high school and one year of college, and has past work experience as a billing clerk, inventory clerk, and data entry clerk.   Tr. 78-79, 240-50, 253, 279-86.   After a hearing, the ALJ issued an unfavorable decision. Tr. 16-24.   He found that plaintiff's osteoarthritis and major joint dysfunction constituted severe impairments, but none met or medically equaled a Listing.   Tr. 18-20.   Based on the evidence of record, the ALJ found that Henderson retained the RFC to perform light work with additional restrictions.   Tr. 20.   She

> could occasionally push and/or pull with the right upper extremity; could occasionally reach overhead with the right upper extremity; could frequently climb ramps and stairs, but never ladders, ropes or scaffolds; could frequently stoop or kneel, but only occasionally crouch or crawl; and should avoid concentrated exposure to hazards.

Tr. 20.

Plaintiff, he determined, was incapable of performing her past work, but could perform the requirements of representative occupations such as counter clerk, usher, and children's assistant, all unskilled, light

3

work.   Tr. 23.   Henderson disagrees, arguing that the ALJ failed to evaluate her credibility.   Docs. 11 & 23.

The ALJ discredited plaintiff's subjective testimony as to the debilitating extent of her symptoms because the "evidence of record simply fails to support [her] alleged level of functional limitation during the relevant period."[2] Tr. 22.  Plaintiff argues that this is an insufficient reason to discredit her subjective testimony.   Docs. 11 & 13.

When a claimant attempts to establish disability through his own testimony of pain and other subjective symptoms, the ALJ applies a three-part "pain standard."   *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   It requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.*   If the claimant has a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms, the ALJ

---

[2]   Because plaintiff alleges disability beginning February 1, 2006, and has a date last insured (based on her work history) of December 31, 2009, the ALJ had to evaluate whether Henderson demonstrated her disability within that timeframe.

then evaluates the extent to which the intensity and persistence of the claimant's pain limits his ability to work.   20 C.F.R. §§ 404.1529(b), 416.929(b).   The ALJ may consider the history and testimony, medical signs and laboratory findings, medical opinion evidence, and any other evidence of record describing how the pain affects his daily activities and ability to work.   *Id*. §§ 404.1529(c), 416.929(c).

If a plaintiff "testifies as to his subjective complaints of disabling pain and other symptoms . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting [his] allegations of completely disabling symptoms."   *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)).   "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court."   *Id*. (internal cite omitted).   While an ALJ's credibility determination need not "cite 'particular phrases or formulations,'" it "cannot merely be a broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'"   *Id*. at 1210-11 (quoting *Foote*, 67 F.3d at 1561).

Inconsistency with the objective evidence, of course, is a sufficient

5

reason to discount a claimant's credibility.   *See* 20 C.F.R. §§ 404.1527(c)(4), 404.1529(c)(3)(v), 416.927(c)(4), 416.929(c)(3)(v). Plaintiff had multiple surgeries to repair a torn right rotator cuff that indisputably caused her significant pain and discomfort.   *See* tr. 21, 362, 381, 388-90, 44-49, 544-45, 595, 697-98.   After an August 2007 right shoulder arthroscopy, Henderson reported pain at 5 out of 10 without medication, and 1-2 out of 10 with narcotic pain medication.   Tr. 595. Imaging studies a few months later showed mild disc degeneration and a "tiny" central disc bulge at C5-C6, C6-C7, and T1-T2.   Tr. 528 & 1412; *see also* tr. 1743 (neurologist's opinion that the findings were "inconsequential").   On examination shortly thereafter, plaintiff had full range of motion of the neck and shoulders and no cervical spasm, tr. 1772, despite some weakness associated with pain, tr. 1773.   While plaintiff continued experiencing pain with her shoulder, she had neither true crepitance nor decreased range of motion.   Tr. 1381 & 1744; *see also* tr. 674 (noting 4+/5 motor strength of the right shoulder a year out from surgery).   The only further surgical intervention plaintiff underwent was for adhesive capsulitis, tr. 727, which was resolved by right shoulder arthroscopy.   *See* tr. 1391 & 750 (post-operative surgeon's notes on

plaintiff's significant improvement, "excellent" range of motion, and lack of "demonstrated pain behaviors" and "guard[ing] on examination"). Indeed, her frozen-shoulder surgeon concluded that Henderson was "healing well."   Tr. 750.

Plaintiff, herself, reported that she felt "fine" and had "no complaints of pain in her shoulder" mere weeks before her disability insured status expired.[3]   Tr. 1523 & 1524.   Meaning, Henderson's right

---

[3]    Plaintiff disputes this citation, arguing that her contemporaneous report of low back at a 7 out of 10, tr. 1523-24, "does not undermine [her] allegations of [shoulder] pain for the entire period of time in question."   Doc. 13 at 2.   But, her back pain was substantiated a year later (and thus outside of the relevant period to establish her entitlement to disability benefits) in a November 2010 lumbar magnetic resonance imaging study.   Tr. 370-73, 750, 779.   That complaint is therefore irrelevant to the current analysis.   *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("[e]vidence of disability obtained after the expiration of insured status is generally of little probative value").   Moreover, she disclaimed having shoulder pain before her date last insured (tr. 1524), which *is* relevant to the current analysis.

Henderson argues that evidence after her date last insured should be considered, because she could not have known about the relevance of that date to her claim until the Commissioner told her it was important.   Doc. 13 at 3 n. 2.   But just because plaintiff didn't know that her date last insured was significant doesn't change the ALJ's, or the Court's, analysis.

Post-date last insured records have little bearing on the disability determination unless plaintiff demonstrates that the post-date evidence relates back to her condition prior to the expiration of her insured status.   *See Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003) (post-dated evidence is only relevant if it "relate[s] back to the claimant's condition prior to the expiration of her date last insured"); *Ward v. Astrue*, 2008 WL 1994978 at *4 (M.D.Fla. May 8, 2008) (an ALJ should consider evidence postdating a claimant's date of last insured to the extent it bears "upon the severity of the claimant's condition before the expiration of his or her insured status."). In other words, only evidence directly bearing on her pre-expiration medically determinable impairments — her right shoulder — should be considered.   And despite her protest, Henderson doesn't point to post-date evidence bearing on her right

shoulder had shown demonstrated improvement with each surgery to the point that it appeared to have resolved by the expiration of her disability insured status.   Plaintiff points to no treating source that opined her pain would be permanent and disabling.   Doc. 11 at 24-25; *see instead* tr. 747 (noting in response to Henderson's ongoing pain complaints that the inflammation from the surgery would continue to settle).[4]   Importantly, an impairment that is resolved or stabilized by medication is not disabling.   *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling"), *cited in Williams v. Berryhill*, 2017 WL 2981348 at * 3 (S.D. Ga. June 23, 2017).

Plaintiff complains the ALJ failed to recognize that, while she admittedly reported having no pain "at rest" in April 2009, she did have

---

shoulder injury.

[4]   Plaintiff does, however, point to the ALJ's discussion of the reviewing, non-examining agency physicians' opinions that she was only "partially credible" in another section of the decision, apparently believing the ALJ wrongfully assigned his duty to evaluate her credibility to these physicians.   Doc. 11 at 24.   But, merely noting that some physicians found Henderson less than credible does not a credibility finding make.   And even if Henderson were correct that the ALJ relied in part on the physicians' credibility findings, such error would be harmless given that the ALJ articulated an appropriate reason for discounting her credibility.   *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (an error is "harmless" where correcting it would not change the outcome).

ongoing pain with use of her right arm.   Doc. 11 at 24.   But the ALJ *did* account for her ongoing pain, incorporating into his RFC assessment several limitations on reaching overhead, pushing, and pulling with her right arm.   Tr. 20.   Put differently, he discounted her subjective testimony regarding the *extent* of her symptoms, but did not find that she was not in any pain at all.[5]   The dearth of objective medical evidence supporting Henderson's subjective testimony that her symptoms are *disabling*, as opposed to painful and limiting, was a valid reason to discount that testimony.

At bottom, Henderson is simply asking the Court to reweigh the ALJ's credibility finding.   But it is the function of the Commissioner, and not the court, to pass on the credibility of witnesses.   *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006); *Cartwright v.*

---

[5]   Plaintiff also points out that the ALJ did not analyze her activities of daily living, doc. 11 at 25-26, which is both inconsistent with the record, *see* tr. 21 (noting, in the decision, that plaintiff testified to completing light household chores and attending church), and offers her no support.   Indeed, the ALJ "concede[d] that [Henderson] was no longer capable of performing certain tasks she may have once engaged in" as a result of her pain and the limitations imposed by her impairments.   *Id.*; *compare* tr. 70 (testifying she can do light household chores, including dusting, loading the dishwasher, and some laundry), *with* tr. 289 (reporting plaintiff "no longer [had the ability to perform any house cleaning" or wash clothes).   The ALJ credited that testimony, but found it did not support a finding of total disability or more restrictive functional limitations.   Plaintiff has not shown that that finding was erroneous.

*Heckler*, 735 F.2d 1289, 1290 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). Substantial evidence supporting the ALJ's articulated reasons is all that is required to uphold the ALJ's decision, and, as fully detailed above, the record contains evidence supporting the ALJ's reasoning -- other possible outcomes notwithstanding. *See Adefemi*, 386 F.3d at 1027; *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991).

In sum, the ALJ did not err in discounting Henderson's statements regarding the intensity, persistence, and duration of the limitations imposed by her symptoms. *See both* SSR[6] 96-7p *and* SSR 16-3p.

## III. CONCLUSION

---

[6]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Given the lapse in government appropriations, this matter has been stayed by the district judge. Doc. 14. Therefore, **within 14 days of the lifting of the administrative stay** in this case, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  22nd  day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA